# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1167

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of North Dakota. |
| | * | |
| Dwight Dean Sundby, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 12, 2000

Filed: May 18, 2000

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and HENDREN,* District
Judge.

_____

PER CURIAM.

The United States appeals the district court's grant of Dwight Dean Sundby's
post trial motion for judgment of acquittal. We reverse and remand.

_____

*The Honorable Jimm Larry Hendren, Chief Judge, United States District Court
for the Western District of Arkansas, sitting by designation.

After drug dogs in Phoenix, Arizona and Minneapolis, Minnesota alerted to a suspicious package, a Minneapolis Postal Inspector obtained a search warrant, opened the package, and discovered a large number of screws and a substance that tested as 171.89 grams of 98.5% pure methamphetamine with traces of caffeine impurities. After replacing all but one gram of the methamphetamine with brown sugar, the Inspector marked the baggie containing the original gram of methamphetamine for identification purposes, left the screws in the box, and resealed the box for a controlled delivery to Dwight Sundby's rural Bismarck, North Dakota mailbox. Police officers watched the mailbox, located at the edge of a dirt road in front of Sundby's house, from a distance of about 3/4 mile, but their view was frequently obscured by dust kicked up as vehicles passed. At one point, a light colored pickup with an unknown number of occupants arrived at Sundby's house, but left twenty minutes later without interference from police. About two hours after the package was placed in the mailbox, Sundby left the house without stopping at the mailbox. The officers immediately checked Sundby's mailbox and although they had not seen anyone at the mailbox since the initial delivery, the package was gone. The officers set out after Sundby, stopped him, and searched his vehicle, finding a substance that tested as 0.3 grams of 93.1% pure methamphetamine with traces of cocaine and caffeine impurities. At Sundby's house, officers found the marked baggie from the package, a handwritten record showing amounts of money in a column marked sent and quantities of contraband in a column marked received, a phone log showing calls to the Phoenix area, a scale, baggies, tin foil, a sifter containing cocaine residue, marijuana seeds, and a grow light and hood. No methamphetamine was found in Sundby's house. Sundby was indicted for conspiracy to possess with the intent to distribute methamphetamine, possession with intent to distribute methamphetamine, and possession with intent to manufacture marijuana. See 21 U.S.C. §§ 841(a)(1) & 846. A jury found Sundby not guilty on the marijuana charge and guilty of both methamphetamine charges. The district court granted Sundby's post trial motion for judgment of acquittal.

On appeal, the Government claims the district court erroneously granted Sundby's motion for judgment of acquittal. We agree. Evidence introduced at trial showed that a package addressed to Sundby bearing an invalid Phoenix, Arizona area return address was intercepted by postal inspectors and found to contain 171.89 grams of methamphetamine. A marked baggie was used to make a controlled delivery of one gram of the methamphetamine to Sundby. A search of Sundby's house turned up a similarly marked baggie containing methamphetamine residue and the agent who marked the original baggie testified that the markings on the original baggie and the baggie found in Sundby's house were the same. Sundby's phone bills showed a series of calls to the Phoenix area and Sundby sent two packages to and received one other package from the Phoenix area, all within a few weeks of the delivery of the methamphetamine package. A handwritten record, showing amounts of money with corresponding quantities of contraband, and other drug paraphernalia were also found in Sundby's house. On this mix of evidence, reasonable jurors could have found that Sundby conspired to and did possess with the intent to distribute methamphetamine. See United States v. Moyer, 182 F.3d 1018, 1021 (8th Cir.), petition for cert. filed, 68 U.S.L.W. 3401 (U.S. Dec. 13, 1999) (No. 99-998). We thus reverse the judgment of acquittal and remand the case to the district court for reinstatement of the jury's verdict and for sentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-